IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD WAYNE GILLINGHAM,<br><br>Plaintiff,<br><br>vs.<br><br>UNIT MANAGER JOVANOVICH and SERGEANT MCDONALD,<br><br>Defendants. | CV 14-00057-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Gillingham's Complaint, as currently plead, fails to state a claim upon which relief may be granted and is therefore subject to dismissal. Mr. Gillingham may have been able to cure some of the Complaint's defects by the allegation of additional facts, and Mr. Gillingham had the opportunity to file an amended complaint. (Doc. 9.) Mr. Gillingham did not file an amended complaint. Instead, on March 23, 2015, he sent a letter apologizing for wasting the Court's time and explaining that he needs physical access to the Court to present his case orally. (Doc. 10.)

Mr. Gillingham has proved his ability to communicate with the Court in writing. Mr. Gillingham was fully capable of presenting in writing his original complaint (Doc. 2) and two supplements to his complaint (Docs. 6, 8). One of

1

these supplements (Doc. 6) was a detailed and typed statement of the facts regarding his allegations. The Court's prior Order (Doc. 9) gave him specific information regarding the defects with his original complaint, and he was only required to submit additional factual allegations. He has not done so. Therefore, for the reasons set forth in the Court's Order of February 18, 2015 (Doc. 9), this matter should be dismissed with prejudice.

## Certification Regarding Appeal

Mr. Gillingham is proceeding in forma pauperis in this action. The Federal Rules of Appellate Procedure provide:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of Section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits a prisoner from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). Because Mr. Gillingham has failed to state a claim, this case should be designated as a strike under 28 U.S.C. §1915(g).

### Address Changes

At all times during the pendency of this action, Mr. Gillingham must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Gillingham's Complaint (Doc. 2) should be **DISMISSED**.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Gillingham failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Gillingham may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2015.

    /s/ John Johnston
John Johnston
United States Magistrate Judge